## Henby *versus* Warner.

The committee of lunatic, authorized by Act of Assembly to sell the
lunatic's land, by letter of attorney empowered an attorney in fact to sell
the land. The attorney conveyed the land by deed in his own name without
referring to the power, and as if it were his own. *Held,* that the convey-
ance was to be deemed an execution of the power, and passed the lunatic's
title.

ERROR to the Court of Common Pleas of *Cambria county*, in
which this was an ejectment by Elias Henby against William A.
Murray and Anthony Warner, for a tract of land in Cambria
county. Warner pleaded "not guilty," and judgment was taken
against Murray for want of a plea. The case was tried against
Warner alone, and a verdict rendered for the plaintiff. The judg-
ment in the case was reversed (Warner *v.* Henby, 12 Wright
187), for the reason that there was nothing to connect one Thomas
Jackson's title, under which the plaintiff claimed, with the title
of the warrantee.

On the second trial the plaintiff gave in evidence a warrant to
John Clark, November 30th 1793, survey of four hundred and
twenty-two acres and allowance, and patent to James Wilson, a
sale of the land for taxes in 1816 to Stephen Lloyd, and from him
through various conveyances, the title vested in 1820 in Samuel
Parker. Plaintiff further showed regular proceedings in the pro-
per court in Massachusetts, by which Parker was declared a lunatic,
and Josiah B. Richardson and Marshall Preston appointed his
guardians. Also an Act of Assembly of this Commonwealth,
authorizing these guardians jointly and severally to sell the John
Clark tract, and other tracts of land in this state. Also a letter
of attorney from Josiah B. Richardson, dated June 8th 1832,
appointing Thomas Jackson his attorney in fact, in his name, as
acting guardian of Parker, to sell and convey this with other tracts
of land.

Plaintiff then showed a deed, November 30th 1840, from Jack-
son and wife—reciting that the title had regularly vested in him—
to one Beamer, and thence through several conveyances the land
became vested in Henby October 5th 1856.. It was also shown
that this land in 1826, being then Parker's, was sold for taxes,
and redeemed by Jackson for Parker, and afterwards assessed to
the heirs of Parker, and the taxes paid by Jackson in 1838 and
1840. All persons representing the estate of Parker appeared to
have acquiesced in the acts of Jackson.

The plaintiff submitted amongst others the following points:—

2. The court is requested to instruct the jury that Thomas
Jackson, being the regularly constituted attorney in fact of the
owner of the legal title, and no title or interest whatever appear-

[Henby v. Warner.]

ing in Thomas Jackson, the presumption of law is that he sold in pursuance of his power under the letter of attorney.

4. That Anthony Warner, not having paid the purchase-money nor secured the legal title, is not in the position of an innocent purchaser for value.

5. The deed of Thomas Jackson having been executed in 1840, twenty years ago, and his constituents and those representing the estate of Samuel Parker having acquiesced all that time, the jury may infer a ratification of the conveyance so made by him.

These points the court (Taylor, P. J.) answered in the negative, and directed the jury to find for the defendant; which was assigned for error in the Supreme Court.

*R. L. Johnston*, for plaintiff in error.—Both parties claim under Clark, and neither claims by title antecedent to Jackson's deed under Parker's title, or as strangers to it, and the defendant, therefore, can take no advantage of the *form* of conveyance. The authorities which refer to the power of agent to bind the principal do not apply in a contest with a stranger: Devinney v. Reynolds, 1 W. & S. 333. Here the objection is not to the *power*, but the *manner* of its execution.

If one having a power to sell land but no interest, sells without referring to the power, the land shall be considered as passing by virtue of the power: Allison v. Kurtz, 2 Watts 188; Sir E. Clare's Case, 6 Co. 17. A man's grant is so to be taken as to pass such interest as shall be most advantageous to the grantee: 2 Co. 35; 4 Bac. Ab. 387; Coke Litt. 183 b; 146 b; 301, 302, 313; Vanhorn v. Dorrance, 1 Dall. 183; Powell v. Powers, 111, 114; Jones v. Wood, 4 Harris 42.

The deed having been executed twenty years before suit, and no objection having been made by Parker or any one claiming under him, the jury might infer a ratification of the sale, and it should have been so submitted to them: St. Mary's Church v. Miles, 1 Whart. 229; Hanson v. Eustace, 2 How. 653; s. c., per Baldwin, J., in Cir. Ct. Pamph. Rep. in 1841. It is not to be taken as conclusive that Jackson conveyed as owner: Fox v. Thompson, 7 Casey 172; Schrack v. Zubler, 10 Casey 40; Zubler v. Schrack, s. c. 10 Wright 68.

*John Fenlon* and *P. S. Noon*, for defendants in error.—This case is ruled by the former decision. The deed cannot be presumed to be made by Jackson as attorney when the power of attorney is not referred to in it, and the land was assessed to the heirs of Parker four years before the deed. The authority of the guardian ceased at Parker's death, and with it Jackson's authority as attorney.

278            SUPREME COURT          [*Pittsburgh*

[Henby *v.* Warner.]

The opinion of the court was delivered, June 18th 1866, by

READ, J.—The title was shown to be out of the Commonwealth, and a perfect title, founded upon the tax sale to Stephen Lloyd in 1816, available against the warrantee and patentee and everybody else, was shown to be in Samuel Parker, who was regularly declared a lunatic by the Probate Court of the county of Middlesex, in the state of Massachusetts, and Josiah B. Richardson and Marshall Preston were appointed his guardians.

. By the second section of an Act of Assembly of this Commonwealth, passed 12th March 1824, Pamph. L. 108, these guardians were authorized jointly or severally to sell this, the John Clark tract, among others, and Josiah B. Richardson, by a letter of attorney from him to Thomas Jackson, dated 8th June 1832, appointed the said Jackson his attorney for him as said acting guardian, and under the authority of the said Act of Assembly, to sell and convey this and any other of said tracts of land. It was also shown that on the 12th June 1826, this tract, then the property of Parker, was sold for taxes, and on the 26th February it was redeemed by Thomas Jackson for Samuel Parker; that it was afterwards assessed to the heirs of Samuel Parker, and the taxes paid by Thomas Jackson on the 9th of January 1838 and the 9th of March 1840, and of course in his character of agent under his power of attorney. These facts did not appear in the case of Warner *v.* Henby, 12 Wright 187, and the principle stated in it is not applicable here. Under these circumstances, this deed by Jackson and wife to Philip Beamer for this tract, dated the 27th July 1840, and acknowledged the same day, and recorded 18th November 1841, was given in evidence, and then by a regular chain of conveyances, the eighth in number, the title of Beamer and wife is traced into Elias Henby, the plaintiff, on the 5th of October 1856.

Upon this statement, there can be no doubt that it was as the attorney of the guardian, and in no other capacity, did Jackson sell and convey to Beamer this tract, and the only question is whether, on this state of facts, this deed did not convey the only title he could convey, that of the lunatic. This view is entirely consistent with the unshaken acquiescence of the principals in Massachusetts in the acts of their agents.

Under the rulings in Allison *v.* Kurtz, 2 Watts 185, 188, by Judge Sergeant, and in Jones *v.* Wood, 4 Harris 42–3, by Judge Bell, in relation to the execution of powers of sale by persons having no interest in the land sold and conveyed, this deed can and does operate only as an execution of the power to sell the estate of the lunatic; and the first section of the Act of 14th March 1850, Pamph. L. 195, validates the act of the attorney.

The court were therefore in error in saying that this deed did not pass the title of Parker to Philip Beamer.

Judgment reversed, and *venire de novo* awarded.